ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MERCK SHARP AND DOHME, (I.A.), LLC**<br><br>Recurrido<br><br>v.<br><br>**WHOLESALERS GROUP, INC., h/n/c/ DROGUERÍA BAYAMÓN, INC., JUAN E. ORTIZ NEGRÓN, AIDA MERCEDES FERRER GARCÍA y la sociedad de bienes gananciales compuesta por ambos; MULTY-MEDICAL FACILITIES CORPORATION; MARKETING SMALL BUSINESS FINANCE CORP.; CARIBE FEDERAL CREDIT UNION, MAS GROUP LLC.; FIDEICOMISO ORTIZ-FERRER, a través de su fideicomisario LILLIBETH ORTIZ FERRER; ASEGURADORA Y y Z**<br><br>Peticionario | KLCE202500343 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2018CV01697**<br><br>Sobre: Acción por Fraude de Acreedores y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparecen ante este Tribunal de Apelaciones, el señor Juan E. Ortiz Negrón, la señora Aida Mercedes Ferrer García y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, matrimonio Ortiz-Ferrer o parte peticionaria) y solicitan que revisemos la *Resolución* notificada el 29 de enero de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.

Mediante la misma, el foro *a quo* declaró *No Ha Lugar* la *Moción Solicitando Dictamen en cuanto a la Jurisdicción del Tribunal* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El caso de autos comenzó el 28 de marzo de 2018 con una demanda sobre incumplimiento de contrato y cobro de dinero; acción rescisoria por fraude de acreedores y daños instada por Merck Sharp & Dohme (I.A.) LLC, (Merck o parte recurrida) contra el matrimonio Ortiz-Ferrer y otras partes. Una vez el TPI dictó *Sentencia* el 2 de octubre de 2018, se suscitó un accidentado trámite procesal. Según la certificación de la Secretaría del TPI, la *Sentencia* fue registrada y archivada en autos el 10 de octubre de 2018.

El 26 de octubre de 2018, Merck presentó una *Moción de Reconsideración* ante el TPI. En su comparecencia, expresó que el archivo en autos de la *Sentencia* se le notificó el 12 de octubre de 2018. El 1 de noviembre de 2018, Merck instó una *Moción Suplementando Moción de Reconsideración, Sometiendo Evidencia de Notificación de Sentencia*. Anejó copia de las notificaciones del viernes, 12 de octubre de 2018, a las 4:47 y 4:58 de la tarde, porque del expediente electrónico del Tribunal no se reflejaba la fecha en que se le envió la notificación.

En el ínterin, Merck incoó ante este Tribunal de Apelaciones el recurso de apelación KLAN201801249, el cual fue desestimado mediante *Sentencia* del 30 de noviembre de 2018 por falta de jurisdicción. El Panel Hermano de este Foro razonó que el recurso se presentó de forma prematura, toda vez que el TPI aún no había resuelto la solicitud de reconsideración.

El 28 de noviembre de 2018, el TPI dictó una *Resolución*, notificada el 7 de diciembre de 2018, por medio de la cual denegó la

solicitud de reconsideración de Merck. A raíz de lo anterior, Merck presentó un segundo recurso de apelación ante nos, KLAN201801401. Este fue desestimado mediante *Sentencia* del 18 de enero de 2019 por falta de jurisdicción, por prematuro puesto que el TPI no había recibido el mandato del primer recurso de apelación.

Así las cosas, el 15 de abril de 2019, el foro de instancia emitió y notificó una *Resolución,* en la cual expresó lo siguiente:

> A tenor con el mandato del Tribunal de Apelaciones, surge que la moción de reconsideración de la *Sentencia* fue resuelta mediante Resolución desde el 28 de noviembre de 2018 y notificada el 7 de diciembre de 2018.

Asimismo, el 13 de mayo de 2019, como consecuencia de las dos (2) determinaciones de este Foro en las cuales se declaró sin jurisdicción, y, por lo resuelto por otro Panel Hermano en el caso KLAN201801404, el Tribunal de Primera Instancia dictó una *Resolución* y declaró *No Ha Lugar* la solicitud de reconsideración de la sentencia concernida. En atención a lo anterior, Merck instó un tercer recurso apelativo ante este Tribunal de Apelaciones, KLAN201900540. Por medio de una *Sentencia* dictada el 30 de noviembre de 2020 se revocó el pronunciamiento apelado.[1]

El 27 de mayo de 2022, el matrimonio Ortiz-Ferrer incoó una *Moción Solicitando Dictamen en cuanto a la Jurisdicción del Tribunal.* Esencialmente, adujo que el TPI carecía de jurisdicción desde que la *Sentencia* emitida el 2 de octubre de 2018 advino final, firme e inapelable. Aseveró que fue el 10 de octubre de 2018 cuando se archivó en autos la notificación de la *Sentencia.* Reconoció que, aunque su planteamiento fue originalmente presentado ante este Foro en dos (2) ocasiones y una (1) ante el Tribunal Supremo de

---

[1] Surge del expediente que los demandados recurrieron al Tribunal Supremo de Puerto Rico en revisión de la Sentencia, pero a todos se les denegó la expedición de los recursos.

Puerto Rico, este nunca fue adjudicado. Arguyó que este Tribunal de Apelaciones carecía de jurisdicción para atender la tercera apelación de Merck y revocar la *Sentencia.*

Tras varios trámites, el 28 de enero de 2025, el TPI emitió el dictamen recurrido, en el cual rechazó el petitorio del matrimonio Ortiz-Ferrer y concluyó que:

> [A]un cuando la notificación de archivo en autos de copia de la sentencia tiene fecha del 10 de octubre de 2018, la parte demandante evidenció que la notificación emitida por la rama judicial a sus dos representantes legales fue hecha el 12 de octubre de 2018. Por lo que el tribunal determina que el término para solicitar reconsideración o para apelar comenzó a transcurrir a partir del 12 de octubre de 2018 y no del 10 de octubre de 2018. Resolver lo contrario, supondría afectar los derechos de los demandantes, al acortar los términos para solicitar reconsideración y presentar una apelación.
>
> [...]
>
> [E]l tribunal determina que los términos que tenía la parte demandante para presentar una solicitud de reconsideración y para apelar comenzaron a transcurrir desde la notificación de la sentencia a las partes, es decir el 12 de octubre de 2018, por lo que el tribunal tiene jurisdicción para atender el caso de autos.

El foro de instancia particularizó que el caso de autos mostraba una situación excepcional, donde la notificación a Merck se realizó dos (2) días luego de emitir la comunicación del archivo en autos de copia de la sentencia. Por ende, dictaminó que el término comenzaría a transcurrir desde la notificación de la determinación a las partes.[2]

Inconforme, el matrimonio Ortiz-Ferrer presentó una moción de reconsideración, pero la misma fue denegada el 6 de marzo de 2025.

Aun en desacuerdo, el matrimonio Ortiz-Ferrer acude ante nos. Alega que el TPI cometió los siguientes errores:

> Erró el TPI al concluir que tiene jurisdicción aceptando que la Moción de Reconsideración se presentó dentro

---

[2] El TPI tomó en consideración la *Orden Administrativa* OAJP-2013-1735.

del término jurisdiccional de 15 días que provee la Regla 47 de Procedimiento Civil.

Erró el TPI al concluir que el plazo de 15 días para presentar la Moción de Reconsideración debe contarse a partir del día 12 de octubre de 2018 a pesar de que el SUMAC consigna el 10 de octubre como la fecha de archivo en autos de la Sentencia sin que conste del mismo que hubo problemas con la notificación de la Sentencia.

El 10 de abril de 2025 emitimos *Resolución* y concedimos 10 días a Merck para presentar su alegato. Esta hizo lo propio el 21 de abril de 2025. Procedemos a resolver.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. Véase, *Pueblo v. Díaz de León,* 176 DPR 913, 918 (2009). La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime.

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse

presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.[4]

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

## III.

La contención de la parte peticionaria se centra en que la *Sentencia* dictada el 2 de octubre de 2018 es una final y firme, por lo cual el TPI carece de jurisdicción para continuar con el litigio. Reitera que cuando este Foro apelativo atendió el tercer recurso KLAN201900540, mediante el cual revocó la *Sentencia* concernida, ya no tenía jurisdicción para ello por haberla perdido cuando se desestimó el primer recurso KLAN201801249. Añade que, toda vez que la parte recurrida instó la moción de reconsideración fuera de término y el primer recurso apelativo se desestimó, forzoso es concluir que los demás recursos apelativos resultaron inoficiosos. En síntesis, alega que en el presente caso se fracturó irremediablemente el cauce jurisdiccional apelativo.

Por todo lo anterior, la parte peticionaria argumenta que:

a) Las cuestiones atinentes a la jurisdicción del tribunal para atender los asuntos que se le presentan constituyen materia privilegiada. Esto quiere decir que la controversia se puede plantear en cualquier momento y en cualquier nivel hasta que se atienda y se resuelva de forma final y definitiva.

b) No aplica la doctrina de la ley del caso en cuanto a la resolución del asunto jurisdiccional aquí planteado porque ninguno de los tribunales de superior jerarquía lo adjudicó en los méritos.

c) La Moción de Reconsideración que presentó la Recurrida para revisar la Sentencia que dictó este Honorable Tribunal desestimando la demanda se

---

[4] Debe de quedar claro que la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98, citando a *Feliberty v. Soc. de Gananciales*, 147 DPR 834 (1999).

presentó fuera del término jurisdiccional que dispone la Regla 47 de Procedimiento Civil.

d) El TPI no tenía facultad para resolver la controversia adjudicando que la fecha para contar el término para presentar la Moción de Reconsideración es la fecha del envío de la notificación (12 de octubre de 2018) y no la que consta en el SUMAC como la fecha del archivo en autos de la misma.

e) No existe justificación alguna en derecho para extender la fecha para la reconsideración de la Recurrida contando el plazo para presentarla a partir de la fecha del "envío" de la notificación.

f) La única apelación viable de la Recurrida fue la que presentó el 9 de noviembre de 2018, pero la misma se desestimó.

g) Desde aquella desestimación, todos los recursos apelativos posteriores de la Recurrida se gestionaron sin jurisdicción pues se fundaron en órdenes dictadas sin jurisdicción por el TPI.

h) Por tanto, el Tribunal de Apelaciones tampoco tenía jurisdicción para revocar la Sentencia; y como consecuencia a de ello; la Sentencia es ya final, firme e inapelable.

Por otro lado, la parte recurrida está conforme con el pronunciamiento del TPI. Razona que los argumentos jurisdiccionales presentados por la parte peticionaria ya fueron considerados y resueltos por este Foro intermedio en el KLAN201900540, cuya sentencia es final y firme desde noviembre de 2021.

Luego de un análisis ponderado del expediente, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto de *certiorari* solicitado por la parte peticionaria. Lo anterior, por no encontrar indicio alguno de que el TPI actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho. El caso de referencia exhibe una particularidad en la notificación de la *Sentencia* a los representantes legales de la parte recurrida que fue debidamente evidenciada. Además, resulta evidente que este Foro ponderó el asunto jurisdiccional traído a su atención al resolver en los méritos el recurso KLAN201900540.

En suma, denegamos expedir el auto de *certiorari* solicitado.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari.* En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones